IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID PETRISOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-552 |
| | ) | |
| D. RODGERS, J. SWARINGEN, and R. WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lindsey A. Freeman, United States District Judge.

Before the Court is Defendants D. Rodgers, J. Swaringen, and R. Walker's (collectively, "Defendants") motion to dismiss, Dkt. 77, under Federal Rule of Civil Procedure 41(b) for Plaintiff David Petrisor's failure to comply with the Court's April 30, 2026 Order, Dkt. 76. For the reasons set forth below, the Court GRANTS Defendants' motion.

**FACTS AND PROCEDURAL HISTORY**

On July 3, 2023, Mr. Petrisor brought this *pro se* lawsuit against Defendants under 42 U.S.C. § 1983. Dkt. 1. His complaint asserted twelve causes of action arising from alleged police misconduct that deprived him of his constitutional rights. *See id.* ¶¶ 63-124. On August 25, 2023, Defendants filed a motion to dismiss arguing that all twelve of

Plaintiff's claims should be dismissed for failure to state a claim upon which relief could be granted. *See* Dkts. 11-12. The Court ultimately dismissed all claims except the individual claims against Defendant Swaringen for excessive force and assault and battery, *see* Dkt. 29 at 39, and Mr. Petrisor subsequently filed a motion to amend the complaint, Dkt. 35, which the Court granted on September 8, 2025, Dkt. 56.

On September 16, 2025, Mr. Petrisor filed a motion to join, moving the Court to add new cases involving different parties and different incidents, *see* Dkt. 57, Mr. Petrisor's briefing in support of that motion contained highly offensive and vulgar language. *See* Dkt. 58 at 5-6.[1] Mr. Petrisor then filed a motion for summary judgment on October 31, 2025, that also included vulgar language, expletive-ridden rants, threats toward Defendants and their counsel, and personal information about Defendants' counsel that gave rise to express and implicit threats against counsel's family. *See generally* Dkts. 68, 69. The Court denied Mr. Petrisor's motion to join, struck his motion for summary judgment, and admonished Mr. Petrisor that he should refrain from any further inappropriate conduct. *See* Dkt. 70 at 1-4. Mr. Petrisor was specifically cautioned that "if he makes any further filings that include threats towards Defendants or counsel

[1] The Court struck Mr. Petrisor's brief in support of his motion to join and some other filings, *see* Dkts. 58, 68-69, 71-72, from its docket due to their offensive and threatening language. Although the filings are no longer on the Court's docket, the Court continues to cite their docket numbers in this Memorandum Opinion and Order.

for Defendants, the whole case is subject to dismissal with prejudice as a sanction." *Id.* at 2 (bolding and underlining omitted); *see id*. at 4 (warning repeated).

A month and a half later, on December 15, 2025, Mr. Petrisor ignored the Court's warning when he filed a motion and supporting brief to appoint counsel. Dkts. 71, 72. In the filings, Mr. Petrisor again included threatening language and expletives, this time also aimed at members of the Court. *See generally id.* On February 27, 2026, the Court again admonished Mr. Petrisor to stop doing so. *See* Dkt. 73 at 2-3. The Court also ordered Mr. Petrisor to file a notice of intent to proceed by March 30, 2026, confirming that he would continue participating in the case without making threats towards the Court or Defendants or their counsel. *See id.* Mr. Petrisor was informed that if he failed to file such a Notice of Intent to Proceed by March 30, 2026, "the case will be dismissed for failing to comply with this Order and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 3.

Instead of filing a statement of intent, Mr. Petrisor filed a proposed amended complaint on April 1, 2026, which attempted to add claims against other parties for various incidents between 2020 and 2025. *See* Dkt. 75. He did so despite the Court's earlier denial of Mr. Petrisor's motion to join, Dkt. 70, and the Court's February 27, 2026, Order stating, in relevant respects, "The Court has already denied Plaintiff's Motion to Join seeking to join this case with other cases. This case relates to alleged incidents on December 14 and 15, 2020. If Plaintiff has other claims, he must assert them in separate

complaints for consideration and review," Dkt. 73. Accordingly, on April 30, 2026, the Court struck the proposed amended complaint. *See* Dkt. 76 at 3. The Court also extended the deadline for Mr. Petrisor to file his notice of intent to proceed until May 14, 2026, and warned him that if he did not, "the case will be dismissed for failing to comply with this Order and failure to prosecute pursuant to Rule 41(b)." *Id.* (bolding and underlining omitted). Mr. Petrisor still did not file the notice.

On May 15, 2026, Defendants filed the present motion to dismiss. Dkt. 77. The same day, rather than submitting a notice of intent, Mr. Petrisor filed a motion seeking this Court's recusal. *See* Dkts. 79, 80.[2] In his brief in support, Mr. Petrisor stated:

> In closing, this court demands that plaintiff provide it with written assurances that it will not threaten or engage in vulgar language and uses "Dismissals with Prejudice" as punishment for failing to adhere to the courts [*sic*] requirements . . . . This court will never be given such assurances by plaintiff because plaintiff is subject to the whims of his disabilities that have been exacerbated by this very court's engagement in abuses of power.

Dkt. 80 at 19. Plaintiff went on to state:

> Plaintiff can provide this court with the following assurances . . . that not one member of the judiciary mentioned in this complaint to include this very court, that not one member of the prosecutorial class of servant mentioned in this complaint, that not one overbearing member of law enforcement will escape justice for the perpetual abuses they engage in.

[2] Mr. Petrisor's recusal motion consists largely of unsupported allegations and identifies no reasonable basis from which the Court's impartiality might be questioned. *See* 28 U.S.C. §§ 144, 455. In fact, most of the allegations involve Mr. Petrisor's interactions with state judicial officers, not specifically this Court. *See, e.g.*, Dkt. 80 at 3-4, 6, 8-10, 13. The motion therefore fails to provide a basis for recusal.

*Id.* at 20.

After Mr. Petrisor failed to respond to Defendants' motion, Dkt. 77, the Clerk of Court sent a Roseboro letter to Mr. Petrisor's registered address on June 17, 2026, reminding him of Defendants' motion to dismiss and expressly warning him that failure to respond would likely result in dismissal of the case, *see* Dkt. 83. Mr. Petrisor did not respond to Defendants' motion to dismiss.

**ANALYSIS**

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action if the plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). The Fourth Circuit applies a four-factor test in evaluating such a dismissal: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 640 (4th Cir. 2019) (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). These factors "are not a rigid four-prong test," and whether dismissal with prejudice is appropriate "depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

Dismissal with prejudice is a "harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989) (quotation modified). Such an action should only be

taken when there is "a clear record of delay or contumacious conduct by the plaintiff" or where he "fails to respond to a specific directive from the trial court." *See Cadet Constr. Co. v. Archer W. Constr., LLC*, No. 22-1576, 2023 WL 5317960, at *3 (4th Cir. Aug. 18, 2023) (per curiam).

Applying these factors, the Court concludes that dismissal with prejudice is warranted. First, as a *pro se* litigant, Mr. Petrisor bears personal responsibility for his inappropriate conduct. *See Johnson v. Spartanburg Mun.*, No. 4:24-cv-949, 2025 WL 1626085, at *1 (D.S.C. Apr. 8, 2025) ("In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions."); *Daniel v. Lab'y Corp. of Am.*, No. 1:09-cv-279, 2009 WL 1954931, at *2 (M.D.N.C. July 6, 2009) (same). Mr. Petrisor's filings have included vulgar language, expletive-ridden rants, threats toward Defendants, their counsel, this Court, and North Carolina state judicial officials, and disclosed personal information about Defendants' counsel that gave rise to express and implicit threats against their family. *See e.g.* Dkt. 69. The Court gave Mr. Petrisor the opportunity to modify his conduct and file a notice of intent to proceed,[3] but he failed to do so. Thus, the responsibility here rests only with Mr. Petrisor.

---

[3] The Court recognizes Mr. Petrisor's described struggles and disabilities. *See*, *e.g.*, Dkt. 80 at 19. However, Mr. Petrisor has proven that he can file documents without resorting to vulgarity, expletives, and threats to the Court, its staff, opposing counsel, and opposing counsels' families. The Court also explicitly stayed this case so Mr. Petrisor could address any psychiatric symptoms. *See* Dkt. 70 at 2 ("To the extent that Plaintiff contends that he is experiencing psychiatric symptoms that interfere with his ability to participate in the case, the Court will stay the case for 90 days so the Plaintiff can address those issues.").

Second, Mr. Petrisor's conduct has significantly prejudiced Defendants and undermined the basic protections afforded to parties in federal court. Mr. Petrisor's threats have interfered with Defendants' and their counsel's ability to participate in this case without intimidation and undermined their right to a fair adjudicatory process. *See Baltas v. Rizvani*, No. 3:21-cv-436, 2025 WL 2821275, at *1 (D. Conn. Oct. 3, 2025) ("It makes no difference whether a litigant threatens to harm an opposing litigant, opposing counsel, a witness, [or] a judge" because "by introducing intimidation and fear into the legal process . . . [he] subverts the mission of the courts to render justice based on the evidence and the law.") (citation modified). Mr. Petrisor's conduct has also required Defendants to expend time and resources responding to improper filings rather than litigating the merits of the case, further prejudicing them. *See Daniel*, 2009 WL 1954931, at *2.

Third, the record reflects a deliberate intent to delay the adjudication process. *See Cadet Constr.*, 2023 WL 5317960, at *4 ("This factor largely rises and falls with the first factor, as it favors dismissal only if the plaintiff's dilatory actions were deliberate."). The Court first ordered Mr. Petrisor to file his notice of intent stating he would continue participating in the case without making threats towards the Court or Defendants or their counsel by March 30, 2026. *See* Dkt. 73. Instead, Mr. Petrisor filed a proposed amended complaint on April 1, 2026, which attempted to add unrelated claims arising from various incidents between 2020 and 2025. *See* Dkt. 75. Despite this noncompliance, the Court extended the filing deadline for Mr. Petrisor to file the ordered notice of intent until May

14, 2026, more than *six weeks* beyond the original filing deadline. *See* Dkt. 76 at 3. Again, Mr. Petrisor did not comply. Instead, on May 15, 2026, Mr. Petrisor filed a motion for recusal, in which he noted that the "[C]ourt will never be given such assurances." Dkt. 80 at 19.

Mr. Petrisor also failed to respond to Defendants' motion to dismiss within the 21-day window prescribed by Local Rule 7.3(f). The Clerk of Court sent a Roseboro letter to his registered address reminding him of Defendants' motion to dismiss and expressly warned him that failure to respond would likely result in dismissal of the case. *See* Dkt. 83. Mr. Petrisor still filed no response. These facts demonstrate that Mr. Petrisor's dilatory actions were deliberate.

Finally, sanctions less drastic than dismissal would be ineffective. The Court's directive was not onerous—Mr. Petrisor was ordered only to file a notice confirming that he intended to proceed without using vulgar language or threatening the Defendants, their families, or counsel. *See* Dkts. 73, 76. He refused to do so. The Court had already admonished him, struck improper filings, extended his deadlines, and expressly warned him that noncompliance would result in dismissal. None of those measures brought him into compliance. A lesser penalty, such as a monetary fine, is inappropriate here given the nature of Mr. Petrisor's conduct. *See Baltas*, 2025 WL 2821275, at *13 (when a litigant threatens another party, the "court should not permit [the] litigant to buy his way out of misconduct of [such] character and severity"). Further, a dismissal without prejudice is

inappropriate because it risks exposing Defendants, their families, and counsel to further undue harassment and threats of harm. *See id.* at *1 ("Threats of violence between litigants have no place in litigation, and courts must not look the other way when they appear.").

The Court does not make this decision lightly. However, there is a clear record of improper conduct by Mr. Petrisor. Thus, all four factors weigh heavily in favor of dismissal of this action with prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion to dismiss, Dkt. 77, is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's April 30, 2026 Order, Dkt. 76.

**IT IS FURTHER ORDERED** that Mr. Petrisor's motion for recusal, Dkt. 79, is **DENIED**.[4]

A judgment dismissing this action will be entered contemporaneously with this Order.

This the 20th day of August, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

[4] Mr. Petrisor filed a "Notice of Guardian Ad Litem" on July 20, 2026. *See* Dkt. 84. The Court construes this notice as a motion for the appointment of a guardian ad litem. *See* Fed. R. Civ. P. 17(c)(2). The motion is moot in light of the Court's ruling here.